CROSS, Chief Judge
(dissenting).
I must of necessity dissent.
I am of the conviction that the determination made by the majority is erroneous. Sections 475.26 and 475.30(3) of the Florida Real Estate Law refer in the disjunctive to the filing of an “answer or motion to quash” an information. However, Section 475.30(1) appears to mandatorily command the defendant named in an information to file a verified answer thereto. If the defendant complies by filing a verified answer, the filing of that answer shall waive any defect in or objection to the notice or want of notice.
A motion to quash has been characterized as a demurrer maneuver. It generally lies in all cases where formerly a plea in abatement would have lain. A plea in abatement would certainly lie for insufficiency of process or insufficiency of service of process.
The majority in requiring the defendant named in an information to file with the commission a verified answer, instead of allowing the defendant the option of filing a motion to quash the information, in effect denies the defendant the procedural due process afforded to him by the Federal and Florida Constitutions in that he is forced to file an answer which waives any objection to notice or want of notice, thus making a nullity out of any motion to quash which he may wish to file based upon objection to the notice or want of notice.
I would grant the petition for writ of certiorari.